UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALFREDO GUTIERREZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    Case No. 24-cv-3301 |
| | ) |
| **JEREMY BONNETT,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center ("Lawrence"), files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 11). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff files suit against 4-house Lieutenant John or Jane Doe, Placement Officer John or Jane Doe, and Correctional Officers John and Jane Does (4-house staff). Plaintiff does not name

1

Jeremy Bonnett, LaToya Hughes, and Segreant John or Jane Doe as Defendants in his Amended Complaint. Therefore, they are dismissed without prejudice.

Plaintiff alleges that Defendant Placement Officer John/Jane Doe assigned him to a cell on September 19, 2023, placing him in harm's way. Plaintiff alleges Defendant Placement Officer should have placed him in a cell where he was not in danger.

On September 20, 2023, Plaintiff alleges he informed unidentified 4-house staff members, Defendants John/Jane Does, that his cellmate was threatening him and asked to be moved, but staff did not listen.

Plaintiff alleges his cellmate sexually assaulted him on September 26, 2023. Plaintiff alleges Defendant Lieutenant John/Jane Doe, who worked the 11:00 p.m. to 7:00 a.m. shift on 4-house, failed to protect him.

Plaintiff alleges that unidentified 4-house staff members did not perform cell checks every 30 minutes as required on September 26, 2023.

**ANALYSIS**

To plead a claim that prison officials violated his Eighth Amendment rights by failing to protect him from an attack, Plaintiff must allege facts suggesting that the officials were deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 839–40 (1994). But because "prisons are dangerous places" and guards lack "control over crowding and other systemic circumstances," *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004), "failure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare 'effectively condones the attack by allowing it to happen.' . . . [This means that the plaintiff] had to allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to

2

prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)).

The Court finds that Plaintiff alleges a plausible failure-to-protect claim against the John/Jane Doe Defendants who failed to move him to a different cell when he informed them his cellmate was threatening him on September 20, 2023; the John/Jane Doe Lieutenant who allegedly failed to protect Plaintiff when his cellmate sexually assaulted him on September 26, 2023; and the John/Jane Doe Defendants who failed to perform 30-minute cell checks on 4-house on September 26, 2023.

Plaintiff has not stated a failure-to-protect claim against the John/Jane Doe Placement Officer who assigned him to a cell on September 19, 2023. Plaintiff does not allege that the Defendant Placement Officer knew or had reason to know that Plaintiff's cellmate could pose a threat to him. Therefore, Defendant John/Jane Doe Placement Officer is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1.      According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment failure-to-protect claim against the John/Jane Doe Defendants who failed to move him to a different cell when he informed them his cellmate was threatening him on September 20, 2023; the John/Jane Doe Lieutenant who worked the 11:00 p.m. to 7:00 a.m. shift on 4-house and allegedly failed to protect Plaintiff when his cellmate sexually assaulted him on September 26, 2023; and the John/Jane Doe Defendants who failed to perform 30-minute cell checks of the inmates on 4-house on September 26, 2023.

Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2.  Defendants Jeremy Bonnett, LaToya Hughes, Segreant John or Jane Doe, and Placement Officer John or Jane Doe are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Jeremy Bonnett (Administrative Review Board), John or Jane Doe (Sgt. C.O.), LaToya Hughes (Acting Director), and John or Jane Doe (Placement C.O.).

3.  Plaintiff will be given an opportunity to propound written discovery requests aimed solely at identifying the John/Jane Doe Defendants. Under the circumstances, the Court finds that the current Warden of Western Illinois Correctional Center, Brittany Greene, is best suited to respond to this discovery, and she shall be added as a Defendant in this action, in her official capacity only, for the sole purpose of identifying the John/Jane Doe Defendants. After that is done, Warden Greene may move to be dismissed. Ultimately, it is Plaintiff's responsibility to provide the Court with the names and service addresses for these unknown Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice. The Clerk is directed to ADD Brittany Greene as a Defendant.

4.  This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.  The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver

is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses

5

directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

10. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. Plaintiff shall be provided a copy of all pertinent medical records upon request.

12. Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/18/2025

                                                              s/ James E. Shadid
                                                               James E. Shadid
                                                               U.S. District Court Judge